OPINION. Kern, Judge: The respondent has determined that the petitioner is eligible for relief under section 722(b) (4) [3] as a result of a change in the character of petitioner’s business during its base period, which began on June 1, 1936, and ended on May 31, 1940. From 1933 to 1938 the petitioner operated a small hotel of approximately 100 rooms in Kokomo, Indiana. During January 1939 the petitioner acquired the Washington, a hotel of about 240 rooms, in Indianapolis, Indiana, and disposed of the hotel in Kokomo. At the same time the petitioner planned and began to carry out a program of improvements designed to upgrade the Washington in order to compete with the first-class hotels of Indianapolis. Not all of these improvements were completed during the base period, nor had the petitioner attained its normal operating level by May 31,1940. As petitioner did not reach its normal level of earnings during the base period it is entitled, under section 122(b) (4), to establish what the normal level of earnings would have been had the changes been made 2 years earlier. The respondent has allowed a constructive average base period net income of $14,000, and petitioner must show that the respondent’s allowance is inadequate and the excess profits taxes computed pursuant thereto are excessive and discriminatory. We have carefully considered all of the evidence in this case and have concluded that the constructive average base period net income allowed by the respondent is inadequate and does not reflect the level of earnings petitioner would have reached had it changed the character of its business on May 31,1938. But we are not convinced from the evidence presented herein that the petitioner is entitled to the constructive average base period net income for which it contends. We are again in the position of being unable to accept the constructive average base period net income figures proposed by either party. In such a situation this Court may make its own determination of the taxpayer’s constructive average base period net income. Lily Mills Co., 21 T.C. 900; Superior Valve & Fittings Co., 18 T.C. 931; Radio Shack Corporation, 19 T.C. 756. We have exercised our own best judgment and have determined that a fair and just amount representing normal earnings to be used as a constructive average base period net income for the purpose of computing petitioner’s excess profits credit is $20,000 for each of the years involved herein, except for the fiscal year ended May 31,1941, which is involved herein only for the purpose of carryover credits. The petitioner did not attain the normal level of operations during 1941 that it would have reached had it made the change in character of its business 2 years earlier. Accordingly, the so-called variable credit rule (Reg. 112, sec. 35.722-3 (d), as amplified by Bulletin on Section 722, pp. 120-123) is applicable. See Nutrena Mills, Inc., 26 T.C. 1096, 1113, and the cases cited therein. Pursuant thereto we have determined that the constructive average base period net income for the fiscal year ended May 31, 1941, is $18,000. Any mathematical error in the respondent’s computation may be corrected as a part of the Hule 50 computation. The issue apparently raised by petitioner relating to the determination of its normal-tax net income under section 13(a) (2) is not only vague but it is also ignored by both parties on briefs and at the trial. Under the circumstances we are unable to determine the nature of the controversy, and we deem it to have been abandoned. The petitioner in its taxable year 1943 reduced its capital through retirement of its preferred stock in the amount of $25,000, and the respondent correctly applied the provisions of section 713(g) in his computation as set forth in his amended answer. Reviewed by the Special Division. Decision will he entered under Bule 50. SEC. 722. GENERAL RELIEF-CONSTRUCTIVE AVERAGE BASE PERIOD NET INCOME. (b Taxpayers using Average Earnings Method. — The tax computed under this sub-chapter (without the benefit oí this section) shall be considered to be excessive and discriminatory in the case of a taxpayer entitled to use the excess profits credit based on income pursuant to section 713, if its average base period net income is an inadequate standard of normal earnings because— [[Image here]] (4) the taxpayer, either during or immediately prior to the base period * * * changed the character of the business and the average base period net income does not reflect the normal operation for the entire base period of the business. If the business of the taxpayer did not reach, by the end of the base period, the earning level which it would have reached if the taxpayer had * * * made the change in the character of the business two years before it did so, it shall be deemed to have * * * made the change at such earlier time. For the purpose of this subparagraph, the term “change in the character of the business” includes a change in the operation or management of the business, a difference in the products or services furnished, a difference in the capacity for production or operation * * *